

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Truett Hubbard
County Attorney
Van Zandt County
Canton, Texas

Dear Sir:          Opinion No. O-2425
                   Re: Under the stated facts, will the
                   election judges of Van Zandt County
                   have authority to refuse any person
                   the right to vote in the forthcoming
                   Democratic Primary who was a resident
                   of the city of Wills Point on January
                   1, 1939, but failed to pay his city
                   poll tax, but who paid his State and
                   county poll tax and was otherwise
                   qualified to vote?

We have received your letter of recent date wherein
you request the opinion of this Department upon the above stated
question. Your letter reads in part as follows:

"Will the election judges of the forthcoming
Democratic Primaries have authority to refuse to
permit any person to vote who was a resident of the
city of Wills Point on the 1st day of January, 1939,
and who was otherwise subject to the payment of a
poll tax.

"Using, of course, the same facts and proposi-
tions as were submitted in our original letter of
request."

The facts, as submitted in your original letter, were:

"On September 5, 1939, the city of Wills Point,
a municipal corporation, levied a poll tax for the
year 1939 to be assessed against citizens of said
city who were otherwise subject to the payment of
poll tax under the laws of Texas.

"On January 17, 1940, an ordinance was passed

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

by the governing body of said city rescinding this poll tax levy for the year of 1939."

For the sake of clarity, may we word your request as follows:

Under the stated facts, will the election judges of Van Zandt County have the authority to refuse any person the right to vote in the forthcoming Democratic Primary who was a resident of the city of Wills Point on January 1, 1939, but failed to pay his city poll tax, but who paid his State and county poll tax and was otherwise qualified to vote?

Municipalities have no inherent power to levy a poll tax; they can do so only when authorized under the laws of the State. Savage v. Humphreys, 118 S.W. 893; Morris v. Cummings, 91 Tex. 619, 45 S. W. 383.

Article 1030, Revised Civil Statutes, as amended by Acts 42nd Leg., Ch. 223, reads as follows:

"The City Council shall have power to levy and collect an annual poll tax, not to exceed One ($1.00) Dollar of every inhabitant of said city over the age of twenty-one (21) and under sixty (60) years, those persons exempt by law from paying the State Poll Tax excepted, who is a resident thereof at the time of such annual assessment."

This article is authority for the City Council of any city, town or village of the classes enumerated in Article 961, which have adopted or accepted the provisions of Title 28, Vernon's Civil Statutes, to levy and collect an annual poll tax, not to exceed One ($1.00) Dollar of every inhabitant of said city over the age of twenty-one (21) and under sixty (60) years, those persons exempt by law from paying the state poll tax excepted, who is a resident thereof at the time of such annual assessment.

Since the City Council levied a poll tax for the year 1939, we presume it is a city to which Article 1030 is applicable. If it is such a city, it had the authority to levy the same. The fact that the levy of the poll tax was not made until September 5, 1939, does not invalidate same, as the statutes fix no specific period of time within which the levy shall be made. McCharen vs. Mead (Civ. App.) 275 S. W. 118.

Honorable Truett Hubbard, Page 3

In the case of T.R. Powell et al v. City of Beard, 128 S.W. (2d) 786, the Supreme Court held:

"Under the Constitution and laws of this State, a voter subject thereto must pay his city poll tax at the time required by law, in order to qualify as a legal voter in any election in this State." (Emphasis ours).

"The time required by law" referred to in the above quotation evidently refers to the time prescribed by the city council within which city taxes are required to be paid as provided for in Article 1067.

The effect of the January 17, 1940 ordinance, if valid, rescinding the poll tax levy of September 5, 1939, will amount to releasing and extinguishing the payment of a duly created liability and obligation of the inhabitants of Wills Point, subject to the payment of a poll tax, and who did not pay their city poll tax prior to January 17, 1940. This is clearly within the inhibition of Section 55 of Article 3 of the State Constitution, which provides:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

It is elementary that cities, towns and villages have no authority to release or extinguish, in whole or in part, any indebtedness, liability or obligation due it by any corporation or individual, and the above quoted section of the Constitution inhibits the Legislature from authorizing such a release, except delinquent taxes which have been due for a period of at least ten years.

In view of the foregoing authorities, you are

Honorable Truett Hubbard, Page 4

respectfully advised that it is the opinion of this department that the ordinance passed by the governing body of the city of Wills Point on January 17, 1940, rescinding the poll tax levy of September 5, 1939, is invalid, and that the election judges of Van Zandt County have authority to refuse to permit any person to vote in the forthcoming Democratic Primaries who was a resident of the city of Wills Point on January 1, 1939, but who failed to pay his city poll tax.

We are herewith enclosing copy of our opinion No. 0-969 which holds that it is necessary for a citizen of an incorporated city or town, which levies a poll tax, to possess such poll tax receipt in order to be a qualified voter in a county prohibition election.

Trusting that this satisfactorily disposes of your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _D. Burle Daviss_

D. Burle Daviss
Assistant

DBD:ob
ENCLOSURE

